1

2

3

4    UNITED STATES DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6    SAN JOSE DIVISION

7

8    SCOTT JOHNSON,                              Case No.18-cv-04429-VKD

9              Plaintiff,

10        v.                                     **ORDER DENYING DEFENDANT'S
                                                 REQUEST FOR ORDER TO SHOW
11   162 LOS GATOS-SARATOGA ROAD,                CAUSE AND SANCTIONS**
     LLC,
12                                               Re: Dkt. No. 18
             Defendant.

13

14         On January 4, 2019, defendant 162 Los Gatos-Saratoga Road, LLC filed an "Opposition to

15   Plaintiff's Response to Court's Order to Show Cause; and Request for Court to Su[a] Sponte

16   Order Plaintiff to Show Cause Why He Has Standing and the Court Has Subject Matter

17   Jurisdiction; Request for Sanctions." Dkt. No. 18. For the following reasons, the Court denies the

18   various requests for relief made in that submission.

19         First, to the extent defendant's submission constitutes an objection to plaintiff Scott

20   Johnson's characterization of the parties' efforts (or lack thereof) to timely comply with General

21   Order 56's joint site inspection requirement, that objection is noted. While the Court does not

22   condone inaccurate representations, particularly those implying the other party is to blame, the

23   Court reminds the parties that the site inspection requirement is a *joint* obligation. General Order

24   56 ¶ 3 ("No later than 105 days after filing the complaint, the parties and their counsel . . . shall

25   meet in person at the subject premises. . . . They shall *jointly* inspect the portions of the subject

26   premises . . . .") (emphasis added). It is not solely plaintiff's obligation to arrange for the

27   inspection. The Court expects both parties to fulfill their General Order 56 obligations, including,

28   for example, the exchange of initial disclosures described in paragraph 2 of General Order 56.

1    Second, to the extent defendant requests that the Court dismiss this action for lack of

2    subject matter jurisdiction, that request is procedurally improper.  General Order 56 provides that a

3    party may move for administrative relief from the provisions of General Order 56.  *See id.* ¶ 9.

4    Any motion to dismiss for lack of subject matter jurisdiction must be filed as a noticed motion in

5    compliance with the Civil Local Rules of this Court.

6    Third, to the extent defendant seeks an order sanctioning plaintiff, that request is likewise

7    procedurally improper.  Defendant's submission does not comply with Civil Local Rule 7-8,

8    which describes the form and timing of any motion for sanctions.

9    This order is without prejudice to defendant filing properly noticed motions in compliance

10    with this Court's Civil Local Rules and General Orders.

11    **IT IS SO ORDERED.**

12    Dated: January 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge