UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>162 LOS GATOS-SARATOGA ROAD, LLC,<br><br>    Defendant. | Case No.18-cv-04429-VKD<br><br>**ORDER RE SANCTIONS AND CASE SCHEDULE** |

Plaintiff Scott Johnson and his counsel personally appeared for a show cause hearing in this action on March 26, 2019. Dkt. No. 24. Having considered Mr. Johnson's response to the Court's most recent Order to Show Cause and his presentation at the show cause hearing, the Court sanctions Mr. Johnson and his counsel as set forth below. The Court sets a further case management schedule in lieu of dismissing the action.

## I. BACKGROUND

Mr. Johnson filed the present action on July 23, 2018. Dkt. No. 1. Pursuant to the initial case management scheduling order and General Order 56, the parties' last day to conduct a joint site inspection was November 5, 2018, and Mr. Johnson's last day to file a notice of need for mediation was December 17, 2018. Dkt. No. 5. The parties did not conduct a joint site inspection or seek relief from the November 5 deadline. Mr. Johnson did not file a notice of need for mediation or seek relief from the December 17 deadline.

On December 24, 2018, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute. Dkt. No. 14.

On January 2, 2019, Mr. Johnson filed a response to the Court's Order to Show Cause.

Dkt. No. 16. That response did not explain the delay or why Mr. Johnson failed to seek relief from the Court. Instead, Mr. Johnson requested an extension of the service deadline to February 1, 2019, promising to "alert the Court at once" if he was unable to secure dates from defense counsel. *Id.* ¶¶ 7-8. On January 3, 2019, the Court granted that request and reset the November 5, 2018 deadline for the joint site inspection to February 1, 2019, with all other General Order 56 deadlines adjusted accordingly. Dkt. No. 17.

Pursuant to the Court's January 3, 2019 order, Mr. Johnson's last day to file a notice of need for mediation March 15, 2019. *Id.*; *see also* Dkt. No. 5. He again failed to file a notice of need for mediation or seek relief from that deadline.

Accordingly, on March 18, 2019, the Court issued a second Order to Show Cause why the action should not be dismissed without prejudice for failure to prosecute and why Mr. Johnson and/or his counsel should not be sanctioned for failure to comply with the Court's prior orders. Dkt. No. 21. At the show cause hearing on March 26, 2019, Mr. Johnson acknowledged that he had failed to comply with the deadlines set by the Court. He offered no reasonable explanation for this failure to comply or his failure to timely seek relief from those deadlines. Mr. Johnson's counsel stated that the fault was entirely counsel's and represented that his office would take corrective action to properly track and comply with future court-ordered deadlines.

## II. DISCUSSION

Mr. Johnson is the most frequent litigant before this Court. He is also the litigant who most frequently fails to comply with this Court's orders. This case is not an exception, but rather is representative of Mr. Johnson's repeated disregard of court-ordered deadlines.

The purpose of General Order 56 is to provide efficient and cost-effective procedures for parties to attempt to resolve disputes arising under the Americans with Disabilities Act ("ADA"). Mr. Johnson's failure to comply with those procedures threatens to undermine the important civil rights he claims he is vindicating when he files scores of ADA claims every year in this District.

The Court will not tolerate Mr. Johnson's repeated non-compliance.

### A. Sanctions

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the

2

orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)); *see also* 28 U.S.C. § 1927 (authorizing sanctions against counsel for multiplying proceedings in a case unreasonably and vexatiously).

As a result of Mr. Johnson's repeated failures to comply with the Court's orders, this case is still not ready for mediation or further case management proceedings eight months after it was filed. Mr. Johnson points out that he has had difficulty obtaining the defendant's cooperation in complying with the deadlines set by General Order 56. However, he acknowledged that the remedy for any such lack of compliance is to seek relief from the Court, rather than disregard the deadlines entirely. The unnecessary delay and burden on the Court occasioned by Mr. Johnson's lack of compliance with court-ordered deadlines, coupled with his failure to identify any good cause that would excuse this lack of compliance, warrant sanctions.

Mr. Johnson's counsel suggested that the appropriate sanction would be to deny Mr. Johnson and his counsel a recovery of any attorneys' fees for work done up to the date of the March 26, 2019 show cause hearing. That suggestion presupposes that Mr. Johnson will ultimately prevail on the merits. The Court declines to adopt that assumption. However, the Court will bear that suggestion in mind if and when the issue of Mr. Johnson's attorneys' fees is properly before it.

In view of Mr. Johnson's repeated disregard for the Court's orders without good cause, the Court sanctions Mr. Johnson and his counsel, jointly and severally, in the amount of **$500.00**. Payment shall be remitted to the Court with 14 days of this ruling. Mr. Johnson and his counsel shall file a declaration attaching proof of payment no later than **April 11, 2019**. The Court will not dismiss the action at this time.

### B. Case Schedule

The Court believes the interests of justice are best served by permitting the parties to continue to litigate their claims and defenses in this case. Accordingly, the Court sets the

3

following deadlines:

1. <u>Joint Site Inspection</u>: The joint site inspection is a *mutual* obligation.  Neither party may avoid conducting the inspection without leave of the Court.  The parties will conduct a joint site inspection by no later than **April 12, 2019**.  Mr. Johnson must provide the defendant with five dates between the date of this order and April 12, 2019 on which he is prepared to conduct the joint site inspection.  The defendant must select one of those five dates, and the parties shall conduct the joint site inspection on the selected date.  Mr. Johnson will file with the Court a declaration confirming that the parties have conducted the joint site inspection and stating the date on which it was conducted.

2. <u>Notice of Need for Mediation</u>:  If the case is not settled, Mr. Johnson must file a notice of need for mediation no later than **three weeks** following the date of the joint site inspection.

## III. CONCLUSION

The parties are advised that failure to comply with this order may result in sanctions, including dismissal of the action and/or an adverse judgment against the offending party.

**IT IS SO ORDERED.**

Dated: March 28, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge