UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>162 LOS GATOS-SARATOGA ROAD, LLC,<br><br>    Defendant. | Case No.18-cv-04429-VKD<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 28 |

Plaintiff Scott Johnson asserts claims against defendant 162 Los Gatos-Saratoga Road, LLC ("162 Los Gatos") and Does 1-10 for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. 162 Los Gatos filed an administrative motion for relief from the schedule imposed by General Order 56, requesting that the Court examine its subject matter jurisdiction.[1] Dkt. No. 28. The Court requested additional briefing from the parties regarding the issues of standing and subject matter jurisdiction. Dkt. Nos. 29, 30, 31.

The Court construes 162 Los Gatos's administrative motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and finds the matter suitable for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the parties' moving papers, the Court grants 162 Los Gatos's motion to dismiss this action for lack of subject matter jurisdiction.

## I. BACKGROUND

Mr. Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Dkt. No.

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 12.

1 ¶ 1. He also has significant manual dexterity impairments. *Id.* Mr. Johnson alleges that in May and June 2018, he visited the subject property located at 162 Los Gatos-Saratoga Road, Los Gatos, California. *Id.* ¶¶ 2-4, 9. At the time of those visits, Elgary Massage Therapy ("Elgary") occupied the property. *Id.* ¶ 9. During these visits, Mr. Johnson observed that the property lacked a compliant, accessible parking space in violation of the ADA and the Unruh Act. *Id.* ¶¶ 9-14, 27-30. Mr. Johnson also says that during his June 2018 visit, Elgary denied him service when he attempted to bring his service animal inside. *Id.* ¶¶ 15-18, 31-32. Mr. Johnson contends that 162 Los Gatos owns the subject real property. *Id.* ¶¶ 2-4. He filed this action on July 23, 2018 against 162 Los Gatos, but not Elgary. *See generally* Dkt. No. 1.

## II. LEGAL STANDARD

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: cases involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Any party may raise the defense of lack of subject matter jurisdiction at any time. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject

1 matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without
2 converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has
3 made a factual challenge by offering affidavits or other evidence to dispute the allegations in the
4 complaint, the party opposing the motion must "present affidavits or any other evidence necessary
5 to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."
6 *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union
7 High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

## III. DISCUSSION

### A. ADA Claim

#### 1. Standing

162 Los Gatos argues that this case should be dismissed because Mr. Johnson lacks standing to pursue his claims. Dkt. No. 28 at 2–3. Because 162 Los Gatos's motion may be disposed of on other grounds, the Court assumes without deciding for the purposes of this motion that Mr. Johnson has standing.

#### 2. Mootness

The anti-discrimination provisions of Title III of the ADA apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). 162 Los Gatos brings a factual challenge to the Court's subject matter jurisdiction, arguing that it cannot be liable for a Title III violation because the subject property no longer qualifies as a place of public accommodation under section 12182(a). According to 162 Los Gatos, Elgary ceased operations and vacated the property in January 2019, and the property has since been gutted for

3

renovations and remains unoccupied. Dkt. No. 28 at 2–3; Dkt. No. 31 at 3–4. Therefore, 162 Los Gatos says, the barriers that Mr. Johnson experienced have been permanently removed. *Id.* Because the only remedy available to Mr. Johnson under Title III is injunctive relief, the removal of the alleged barriers moots this claim. 42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin.") (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)) (internal quotation marks omitted).

In support of its motion, 162 Los Gatos relies on the declarations of Greg Howell, 162 Los Gatos's authorized representative and purchaser of the subject property, as well as photographs of the building interior and parking signage. Dkt. No. 28-2, Ex. B; Dkt. No. 31-3. Mr. Howell testifies that Elgary vacated the property on January 17, 2019, that the interior space of the building has been entirely gutted, and that 162 Los Gatos has no lessees or potential lessees for the property at this time. Dkt. No. 28-2, Ex. B ¶ 2; Dkt. No. 31-3 ¶¶ 3, 8, 10. Additionally, Mr. Howell testifies that Elgary never had any public parking spaces to offer its patrons, and that the unstriped area of asphalt next to the building was reserved for the sole private use of tenants residing upstairs. Dkt. No. 31-3 ¶¶ 5. 162 Los Gatos has submitted photos showing that the interior of the property has been gutted and that signs existed stating that the parking spaces were for the tenants' private use only, not for the public. *Id.* ¶¶ 4-5, Exs. B, D. Thus, 162 Los Gatos argues, Mr. Johnson's claim for injunctive relief under the ADA is moot.

Mr. Johnson does not offer any contrary evidence, or any other evidence that meets his burden to establish subject matter jurisdiction. *See St. Clair*, 880 F.2d at 201; *Savage*, 343 F.3d at 1040 n.2. Instead, Mr. Johnson challenges the evidence 162 Los Gatos has provided. Arguing that Mr. Howell's declaration is "self-serving," Mr. Johnson first contends that there is insufficient evidence that Elgary has vacated the premises. Dkt. No. 30 at 2. Specifically, Mr. Johnson contends the evidence is insufficient to show that Elgary has permanently ceased operations at the property. He suggests that the Court may infer that Elgary will resume operations because

1  "defendant only closed its business *after* being sued by plaintiff." *Id.* at 2–4 (emphasis original).

2  This argument conflates 162 Los Gatos and Elgary. The Court notes that Mr. Johnson elected *not*

3  to name Elgary as a defendant in this action, and Mr. Johnson does not allege that 162 Los Gatos

4  ever owned or exercised control over Elgary.

5  In any event, the Court need not consider Elgary's purported motivations for ceasing to

6  operate at the subject property or its purported plans to resume operations. The uncontroverted

7  evidence shows that no business currently operates at the subject property, Elgary has no interest

8  in the real property itself, and the property in its current form is not available for public use,[2]

9  rendering implausible Mr. Johnson's suggestion that Elgary may resume operations at the property

10  and that injunctive relief remains available to remedy violations of the ADA.

11  A claim may become moot if (1) subsequent events have made it absolutely clear that the

12  allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or

13  events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-*

14  *Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v.*

15  *Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of*

16  *Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In *Kohler v. Southland Foods, Inc.*, the Ninth

17  Circuit affirmed a grant of summary judgment to defendants because the plaintiff's claim for

18  prospective injunctive relief became moot once the restaurant ceased operation. 459 F. A'ppx

19  617, 618 (9th Cir. 2011). In *Moore v. Millennium Acquisitions, LLC*, the Ninth Circuit found an

20  ADA claim moot where defendant had sold the gas station where plaintiff encountered

21  architectural barriers, and the gas station was being dismantled. 708 F. App'x 485, 485 (9th Cir.

22  2018). In view of the record before the Court, Mr. Johnson cannot plausibly expect to encounter

23  any of the alleged barriers in the future. *Moore*, 708 F. App'x at 485; *see also City of Los Angeles*

24  *v. Lyons*, 461 U.S. 95, 111 (1983). The Court finds Mr. Johnson's ADA claim is moot and on that

---

[2] In connection with his response to the Court's March 18, 2019 order to show cause why this action should not be dismissed or other sanctions not imposed (Dkt. No. 21), Mr. Johnson submitted a declaration from his counsel's private investigator, who visited the subject property on March 22, 2019. Dkt. No. 23 ¶ 2. The investigator testified that he "observed that the subject property was unoccupied and available for lease" and attached two photographs of the building front with a "For Lease" sign in the window. *Id.* ¶ 4, Ex. 1.

basis grants 162 Los Gatos's motion to dismiss for lack of subject matter jurisdiction.

### B. Unruh Act Claim

The complaint also asserts a claim for violation of the Unruh Act based solely on a violation of the ADA; it does not assert an independent Unruh Act violation for "intentional discrimination in public accommodations in violation of the terms of the Act" or "willful, affirmative misconduct." *See* Dkt. No. 1 ¶¶ 36-40; *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Mr. Johnson's Unruh Act alone does not provide an independent basis for federal court jurisdiction merely because it incorporates an ADA violation. *Kohler*, 459 F. A'ppx at 618–19; *Wander*, 304 F.3d at 857. Accordingly, the Court declines to exercise supplemental jurisdiction over Mr. Johnson's Unruh Act claim.

## IV. CONCLUSION

For the foregoing reasons, the Court grants 162 Los Gatos's motion to dismiss Mr. Johnson's ADA claim for lack of subject matter jurisdiction under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Mr. Johnson's Unruh Act claim, which is dismissed without prejudice. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 3, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge